[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11515
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cv-00322-LC-EMT


TERRY E. ADKINS,

Petitioner-Appellant,

versus

WARDEN FCI MARIANNA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 18, 2015)

Before TJOFLAT, JILL PRYOR and BLACK , Circuit Judges.

PER CURIAM:

This is a habeas corpus proceeding brought in the Northern District of Florida under 28 U.S.C. § 2241.  Terry Adkins is serving prison sentences, which total 900 months, that were imposed in the Eastern District of Kentucky in 2003 following his conviction at a bench trial of one count of conspiracy to possess visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(b)(1), ninety-nine counts of receiving such depictions, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of such depictions, in violation of 18 U.S.C. § 2252(a)(4)(B).  He seeks a writ of habeas corpus on the ground that, in calculating the sentence range under the Guidelines, the trial court used the 2003 version of the Sentencing Guidelines, instead of the 2002 version of the Guidelines in effect at the time his offenses ended, and thereby violated the Constitution's Ex Post Facto Clause under Peugh v. United States, 569 U.S. __, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013).  Adkins v. Warden, FCI-Marianna, 2014 WL 840067 (N.D. Fla.).  Moreover, in using the 2003 version, the court was able to impose consecutive sentences to reach a total sentence within the Guidelines sentence range.

Prior to filing his § 2241 petition, Adkins had unsuccessfully moved the trial court to vacate his sentences pursuant to 28 U.S.C. § 2255.  Because the law forbid the trial court from entertaining a successive § 2255 motion, Adkins sought the vacation of his sentences in this § 2241 proceeding under the savings clause in 28

2

U.S.C. § 2255(e).  The District Court dismissed his § 2241 petition, concluding that he failed to satisfy the requirements of the savings claims.

A district court has the power to grant a § 2241 writ of habeas corpus to a prisoner who is in custody in that court's judicial district, 28 U.S.C. § 2241(a), (d), here the Northern District of Florida.  This power is limited, however, by § 2255(e), commonly referred to as the "savings clause," which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [a § 2255 motion], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  "An application for a writ of habeas corpus" includes a § 2241 petition.  Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir. 2013).

Where a prisoner, like Adkins, has already prosecuted unsuccessfully a § 2255 motion to vacate, he must apply for and receive permission from a court of appeals before filing a successive § 2255 motion.  28 U.S.C. §§ 2244(b), 2255(h).  Such restriction on a successive § 2255 motion, standing alone, does not render that section "inadequate or ineffective" within the meaning of the savings clause.  Bryant, 738 F.3d at 1267.  Consequently, a petitioner who unsuccessfully prosecuted a previous § 2255 motion may not circumvent the restriction on

successive § 2255 motions by simply filing a petition under § 2241.  See id. at 1271.

Following our decision in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (en banc), we held in Bryant that, in order to bring a § 2241 challenge to the legality of his detention, a petitioner must make a five-part showing that a prior § 2255 motion was "inadequate or ineffective to test the legality of his detention." Bryant, 738 F.3d at 1274.  He must show that: (1) throughout his sentencing, direct appeal, and original § 2255 proceeding, his claim was squarely foreclosed by binding precedent; (2) his current claim is based on a Supreme Court decision that overturned the precedent that had foreclosed his claim; (3) that Supreme Court decision is retroactively applicable on collateral review; (4) as a result of the application of the new rule, his sentences exceed the applicable statutory maximum penalties; and (5) the savings clause reaches his claim of illegal detention above the statutory maximum penalty.  Id.

Pertinent to Adkins's present claim, in Peugh, the Supreme Court ruled that "there is an ex post facto violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense."  Peugh, 568 U.S. at __, 133 S.Ct. at 2078.  Also pertinent to Adkins's claim, a defendant convicted of violating 18 U.S.C. § 2252(a) or (b) is

4

subject to a mandatory minimum sentence of 5 years and a statutory maximum sentence of 20 years.  18 U.S.C. § 2252(b)(1).[1]

We find no error in the District Court's dismissal of Adkins's petition. Adkins's prior § 2255 motion was not "inadequate or ineffective to test the legality of his detention" because he has failed to satisfy the fourth element of Bryant's analytical framework.  He has not shown that his sentences for each of his offenses exceeded the applicable statutory maximum penalties of 20 years' imprisonment under § 2252, as his sentences ranged from 120 to 240 months' imprisonment, and the trial court was required to impose consecutive sentences.  Moreover, Gilbert 's holding—that the savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the Sentencing Guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum"—does apply to Adkins's petition.

AFFIRMED.

---

[1] The 20-year statutory maximum under this provision became effective on April 30, 2003, while Adkins's offense conduct was still ongoing; the indictment alleged that his offense conduct began in September 2002 and continued through July 2003.